**Robert SHIRVANYAN, Petitioner,**

**v.**

**Alberto GONZALES, Attorney General,\* Respondent.**

No. 03–70308.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2005.

Decided May 10, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. *See* Fed. R.App. P. 43(c)(2).

Robert Shirvanyan, Glendale, CA, pro se.

Richard A. Derevan, Esq., Marc L. Turman, Esq., Snell & Wilmer, Marc L. Tuman, Irvine, CA, for Petitioner.

Regional Counsel, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Carolyn Piccotti, Isaac R. Campbell, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM **

Robert Shirvanyan petitions for review of the Board of Immigration Appeals' streamlined affirmance of the Immigration Judge's ("IJ") decision. The IJ denied Shirvanyan's requests for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") [1] because the persecutor's bar precluded relief. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition as to the asylum and withholding claims, grant it as to the CAT claim, and remand.

■ Substantial evidence supports the IJ's determination that Shirvanyan was a persecutor.[2] Although Shirvanyan did not personally strike a Jehovah's Witness, he was an active participant in the encounters during which such events occurred.[3] He knew that he and fellow officers were going to the homes of Jehovah's Witnesses and that the officers would beat Jehovah's Witnesses. Nevertheless, he chose to participate in these raiding parties and to continue in his job as a policeman, knowing he would be expected to participate in the persecution of Jehovah's Witnesses. Thus, substantial evidence supports the IJ's application of the persecutor's bar to preclude relief for asylum,[4] withholding of removal,[5] and withholding of removal under the CAT.[6]

■ The IJ denied all relief under the CAT based on the applicability of the per-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Article 3 of the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment, provides, in part, that "[n]o State Party shall expel, return ... or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture." 23 I.L.M. 1027, 1028 (1984), modified in 24 I.L.M. 535 (1985). The United States adopted this policy in 1998. Pub.L. No. 105–277, § 2242, 112 Stat. 2681, 2681–822 (1998); see note following 8 U.S.C. § 1231; see also 8 C.F.R. §§ 208.16–18 (regulations implementing the United States' obligations under the CAT).

2. We review the IJ's factual finding that Shirvanyan was a persecutor under the substantial evidence standard. *Bellout v. Ashcroft*, 363 F.3d 975, 977–78 (9th Cir.2004) (withholding of removal); *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003)(CAT); *Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001) (asylum).

3. *See Vukmirovic v. Ashcroft*, 362 F.3d 1247, 1252 (9th Cir.2004) (explaining that assisting in torture can be enough).

4. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1).

5. *See* 8 U.S.C. § 1231(b)(3)(B)(i).

6. *See* 8 U.S.C. § 1231(b)(3)(B)(i); 8 C.F.R. §§ 208.13(c)(1), 208.16(d)(2).

secutor's bar. Although the persecutor's bar precludes withholding of removal under the CAT, it does not automatically preclude *deferral* of removal.[7] The regulations require the IJ to determine eligibility for CAT relief before applying the persecutor's bar.[8] The IJ did not first decide whether Shirvanyan was entitled to protection under the CAT. Thus, the IJ erred by skipping the first required step in 8 C.F.R. § 208.16(c)(4). Accordingly, we grant the petition as to the CAT claim and remand for complete consideration under 8 C.F.R. § 208.16(c)(4) and related provisions.[9]

PETITION DENIED IN PART; GRANTED IN PART; REMANDED.

7. *See* 8 C.F.R. §§ 208.16(c)(4), 208.17(a).

8. *See* 8 C.F.R. § 208.16(c)(4).

9. *INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). We note that if the IJ finds that Shirvanyan is more likely than not to be tortured should he return to Armenia, deferral of removal under the CAT is required. *See* 8 C.F.R. § 208.16(c)(4).

